## �export Richmond.

BLANTON v. CARROLL.

DECEMBER 5th, 1889.

1. VOID JUDGMENT—*Process not served.*—Where defendant appears not to
   have been included in the original process and the return thereon, the
   judgment entered in the suit is void, the presumption of jurisdiction
   being overcome by the record.
2. APPEAL—*Notice.*—To appeals from decrees rendered before sec. 3457, Code
   1887, took effect, requiring notice of intention to appeal to be given
   opposite party, that section has no application.

Appeal from decree of Nottoway county circuit court rendered
April 5, 1888, in the chancery suit wherein Carroll & David-
son, receivers for the benefit of L. E. Carroll, the widow, and
E. D. Carroll, the son and only heir of William M. Carroll,
deceased, who was a member of said firm, were complainants,
and Nancy T. Blanton and others were defendants. The decree
being adverse to the defendants they appealed. Opinion states
the case.

*Guy & Gilliam* and *J. R. Wilson* for the appellants.

*Edgar Allan, R. M. Dickinson,* and *J. Samuel Parrish,* for the
appellees.

LACY, J., delivered the opinion of the court.

This suit was by bill in chancery against Nancy T. Blanton
and her children, William D. Blanton and others, to subject

their real estate in the bill named to the lien of a judgment recovered against B. W. L. Blanton and Nancy T. Blanton, in 1867, by the appellees. The suit was instituted at law, upon the bond of the said B. W. L. Blanton and N. T. Blanton, for $761 08. The original writ or summons was issued against B. W. L. Blanton alone, and served by the sheriff upon him only, as appears by the original summons copied in the transcript, here seen and inspected by this court. Judgment was rendered against " the defendants," and, both names appearing to the bond and being set forth in the declaration, a writ of *fieri facias* was issued in June, 1870, but this was never delivered to any officer, and upon it, therefore, there was no return. In June, 1880, a writ of *scire facias* was sued out to revive the judgment. The summons in the chancery suit to enforce this judgment was not served upon the said Nancy T. Blanton, and in the progress of the cause, the appellants, the children of the said Nancy T. Blanton, filed their bill, and obtained an injunction, which is not copied in the record. A bill was subsequently filed by the same parties, and an injunction obtained. But at the hearing at the April term, 1888, the circuit court dissolved the injunction, and decreed the sale of the real estate of Nancy T. Blanton to satisfy the judgment recovered against her, without notice or other process. From this decree the case was brought to this court by appeal.

It is conceded that if in fact no process was served upon the said Nancy T. Blanton, and that if she had no notice of the proceedings against her before judgment was rendered, the circuit court acquired no jurisdiction of her person; that the judgment was void, and may be disregarded wherever attacked, whether collaterally or otherwise. But the claim of the judgment creditor is that, as the circuit court is a court of general jurisdiction, its jurisdiction will be presumed in favor of its judgment, and that its record cannot be assailed collaterally. It is true that everything will be presumed in favor of the judgments of courts of general jurisdiction unless plainly

beyond the jurisdiction of the tribunals from which they ema-
nate, which appears upon the face of the record itself: as when
the subject-matter affected is without the jurisdiction of the
court; as when the circuit court should render judgment upon
a note for the payment of a sum under $20, or against a defen-
dant who appears by the record not to have been served with
notice of the proceedings, and to have been proceeded against
without legal process. When the record shows in any court,
whether superior or inferior, that the court has proceeded
without notice, any presumption in its favor is at an end, and
it may not only be reversed as erroneous, but be impeached
and set aside collaterally as void. *Foster* v. *Glazener*, 27 Ala.,
391; *Moore* v. *Starks*, 1 Ohio St., 369; *Hollingsworth* v. *Bar-
bour*, 4 Pet., 475. The rendition of a judgment against a party
not before the court in any way will be as utterly void as
though the court had undertaken to act when the subject-
matter was not within its cognizance. *Borden* v. *Fitch*, 15
Johns., 121. This is the rule with reference to all courts, with
only this difference: that the jurisdiction of a superior court
will be presumed until the contrary appears, whereas an infe-
rior court, and those claiming under its authority, must show
that it had jurisdiction. *Propst* v. *Meadows*, 13 Ill., 157. An
interesting case upon this question is the case of *Underwood* v.
*McVeigh*, 23 Gratt., 409. See, also, *Lancaster* v. *Wilson*, 27
Gratt., 624; *Fairfax* v. *City of Alexandria*, 28 Gratt., 16; *Con-
nolly* v. *Connolly*, 32 Gratt., 657; *Gray* v. *Stuart*, 33 Gratt., 351.
In this case the original process is filed, and the return thereon,
and from these it appears that the said Nancy T. Blanton was
not included in either. This is sufficient to reverse the decree
complained of. There are several other assignments of error
equally fatal to the pretensions of the appellees. However, as
this is fatal, and cuts at the root of their claim, and renders
the judgment relied on void—a mere nullity—it is not neces-
sary to consider them at length. It is, however, claimed by
the appellees that no notice was given of the intention of the

appellants to appeal, and that the appeal should be dismissed under section 3457 of the Code of Virginia. But an inspection of the record shows that the decree complained of was rendered before the said section had the force of law, and the said section, subsequently enacted, has no application to this appeal. We are, therefore, of opinion to overrule this motion. And the decree complained of appearing to be erroneous, for the reasons stated above, the same is reversed and annulled.

DECREE REVERSED.