# Richmond

DAISY LEA BAILEY (BONITZ) v. J. HUGH BAILEY.

January 9, 1939.

Record No. 1991.

Present, Campbell, C. J., and Holt, Gregory, Eggleston
and Spratley, JJ.

The opinion states the case.

*Rutledge C. Clement,* for the appellant.

*Harris, Harvey & Brown, Earle Garrett* and *Earl L. Valentine,* for the appellee.

CAMPBELL, C. J., delivered the opinion of the court.

The controlling facts are undisputed and are as follows: At the first July, 1929, rules of the Corporation Court of the city of Danville, the appellant, Daisy Lea Bailey, filed her bill of complaint against her husband, J. Hugh Bailey, a non-resident, seeking a divorce *a vinculo matrimonii* on the ground of wilful desertion; the bill also prayed for the custody of Lydia Lea Bailey, an infant. Pursuant to the provisions of section 6071 of the Code, process was served personally upon appellee in the State of Montana, where he then resided.

Upon the bill of complaint and depositions taken in support thereof, the cause was heard and a decree was entered granting the prayer of the bill for an absolute divorce. The decree also contained this provision:

"It further appearing to the court that the said Daisy Lea Bailey is a suitable person to have the care and custody and control of her said infant daughter, Lydia Lea Bailey, complete control, care, and custody of said child, free from the interferences of the said J. Hugh Bailey, or any other person, is hereby awarded to the said Daisy Lea Bailey, but this decree shall not in any wise affect, release or discharge the said J. Hugh Bailey from such obligations as are imposed upon him by law to support and maintain said infant daughter; * * *."

Subsequent to the entry of the decree for divorce *a vinculo matrimonii,* appellant married one Bonitz, and appellee returned to Virginia and became a citizen of Rockbridge county. At the September, 1936, term of the corporation court, appellant filed her petition setting forth the proceedings had in the divorce suit and praying that the suit be reinstated upon the docket; that process issue against the appellee, and that he be compelled to provide for the support and maintenance of their infant daughter, Lydia Lea Bailey.

At the same term of the court a decree was entered reinstating the divorce suit upon the docket and directing that appellee appear and show cause why the prayer of the petition should not be granted. Upon service of process upon him, appellee appeared specially and moved the court to dismiss the petition of appellant, on the ground that the corporation court was without jurisdiction to hear the petition, for the reason that the divorce was obtained upon constructive service while the appellee was a citizen of the State of Montana, and that appellee was now a resident of the county of Rockbridge. The chancellor sustained the motion of appellee and entered a decree dismissing appellant's petition. It is from that decree this appeal was allowed.

It is the contention of appellant that a proper construction of section 5111 of the Code demonstrates that the trial court had jurisdiction to hear and determine the question presented in appellant's petition.

So far as is pertinent to the issue, section 5111 is as follows:

"Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, and upon decreeing that neither party is entitled to a divorce, the court may make such further decree as it shall deem expedient concerning the estate and the maintenance of the parties, or either of them, and the care, custody and maintenance of their minor children, and may determine with which of the parents the children or any of them, shall remain; and the court may, from time to time afterwards, on petition of either of the parents, revise and alter such decree concerning the care, custody, and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require; * * * ."

The contention of appellee is that the provision of section 5111, authorizing the court granting the original divorce to subsequently make further decrees regarding the support and maintenance of a minor child, is predicated upon the jurisdiction of the court over the person of the defendant and not upon its jurisdiction over the defendant by service of process acquired under the provisions of section 6071 of the Code, which service has the same effect as an order of publication.

It appears without contradiction that the original process was served upon appellee without the State of Virginia. This being true, it must be conceded that the trial court was without jurisdiction in the divorce suit to enter against appellee a decree for the payment of money, as a decree for the payment of money (for maintenance) is essentially a decree *in personam* and, therefore, void in the absence of actual jurisdiction over the person of the defendant. The jurisdiction of a court of equity in divorce cases in this Commonwealth depends solely upon statute. While, as stated, the entry of a decree against a defendant for the payment of money is essentially a decree *in per-*

*sonam,* this rule does not change the status of a suit for divorce which is in its very nature a proceeding *in rem.* See 1 R. C. L., p. 884.

In the decree entered in the divorce suit the court awarded the care and custody of the infant daughter to the appellant. There can be no doubt that when that provision was placed in the decree the power granted by section 5111, "to revise and alter such decree" immediately became effective. It therefore follows that when appellee returned to Virginia the corporation court, upon the filing of the petition to reinstate and upon proper process upon the appellee, acquired jurisdiction over his person. Having acquired jurisdiction by force of the statute, the court was empowered to enforce the common-law duty of the appellee to support his infant daughter.

In *Buchanan* v. *Buchanan,* 170 Va. 458, 474, 197 S. E. 426, 433, 116 A. L. R. 688, Justice Hudgins, in construing section 5111, said: "This section authorizes a court of equity, in a divorce suit on the petition of either party, after a final decree, to revise and alter such decree * * * ."

It seems to us apparent that if appellee had filed a petition in the corporation court seeking a change in the divorce decree regarding the care and custody of the daughter, the court had the power, by virtue of the statute, to entertain such petition. The statute is a remedial one and should be construed liberally in order to effectuate the plain intention of the legislature to empower courts of equity to discharge the function of a guardian in the protection of the rights and interests of infant defendants.

The decree appealed from will be reversed and the cause remanded for further proceedings to be had therein not in conflict with this opinion.

*Reversed.*