TERRY ET AL., APPELLANTS, *v.* CLAYPOOL ET AL., APPELLEES.

(No. 471—Decided January 11, 1945.)

*Messrs. Betts & Betts,* for appellants.

*Mr. Fred L. Eberhart,* for appellees.

GUERNSEY, P. J. This is an appeal on questions of law and fact from a judgment of the Common Pleas Court of Hancock county, Ohio, in an action therein numbered 27106, wherein O. G. Terry, Fred R. Hover and R. N. Larrimer, the appellants herein, were plaintiffs, and P. E. Claypool and Olive J. Claypool, the appellees herein, were defendants, and the cause is submitted and tried *de novo* in this court.

The action is one in the nature of a creditor's bill to subject certain real and personal property of the de-

fendants P. E. Claypool and Olive J. Claypool to the satisfaction of a judgment in the sum of $1,200 recovered by the plaintiffs against the defendant P. E. Claypool in cause No. 26998 in the Common Pleas Court of Hancock county.

To the petition of the plaintiffs the defendants filed separate answers in which they deny generally the allegations of the petition.

The cause was tried by the Common Pleas Court of that county, and upon trial thereof the Common Pleas Court entered judgment as follows:

"This cause came on for hearing upon the merits this 1st day of May, 1944, and was argued by counsel for both the plaintiffs and defendants, the court also having before it the records and pleadings in causes numbers 27104 and 26998.

"Upon motion of the attorney for the defendants this cause is hereby dismissed at the costs of the plaintiffs for the reason that the plaintiffs do not have any valid and existing judgment in Cause No. 26998. Exceptions saved."

That is the judgment from which this appeal is taken.

The cause was submitted to this court upon the pleadings, record and original papers in this cause and upon the evidence consisting of transcripts of the docket and journal entries in causes Nos. 26998 and 27104 in the Common Pleas Court of Hancock county, and the testimony of certain witnesses as to the entry of appearance of the plaintiffs as defendants in cause No. 27104.

The evidence in this court discloses:

That on August 24, 1942, the plaintiffs recovered judgment against the defendant P. E. Claypool in cause No. 26998 in the Common Pleas Court of Hancock county, for the sum of $1,200 with interest at six

per cent from June 3, 1942, for legal services rendered by the plaintiffs to the defendant P. E. Claypool, and that on December 31, 1942, P. E. Claypool filed an action in the Common Pleas Court of Hancock county against the plaintiffs who are designated as defendants therein, to vacate the judgment in cause. No. 26998, which action is designated as cause No. 27104 in that court.

The petition in cause No. 27104, omitting the caption and oath, is as follows:

"Now comes the plaintiff herein and says that the defendants, O. G. Terry, Fred R. Hover and R. N. Larrimer did on August 19th, 1942, obtain a default judgment against this plaintiff, in the Common Pleas Court of Hancock county, Ohio, in case No. 26998, and entitled O. G. Terry, Fred R. Hover and R. N. Larrimer v. P. E. Claypool. Said default judgment was in the amount of twelve hundred ($1,200) dollars for alleged attorney fees.

"Plaintiff herein says that said judgment was rendered against his will and against his knowledge at the time. Said plaintiff herein was in that case relying upon the legal services of an attorney to have the case set for hearing upon its merits and tried upon its merits. But on the contrary, the case was never tried and a default judgment was obtained in the case. While all that time, this plaintiff says that he had a full and complete defense to said case. Plaintiff herein says that at the time of rendering said judgment and at the present time plaintiff is not indebted to any one of the defendants named herein.

"Since the rendering of said judgment against the plaintiff herein, said plaintiff herein has discharged from his employment the attorney that was to have represented him in said case and has now employed new counsel. This petition is now being filed not later

than the second term after the rendering of said default judgment and within one year after said default judgment.

"This petition is now being filed for the following reasons:

"1. A new trial is being asked for by virtue of General Code 11631, sub-section 1.

"2. A new trial is being asked for because of the irregularity in the obtaining of said judgment and because of failure of the plaintiff's former attorney to try said former case upon its merits. This by virtue of General Code 11631, sub-section 3.

"3. This petition is being filed because of unavoidable misfortune preventing the plaintiff herein from defending himself in said former case. This by virtue of General Code 11631, sub-section 7.

"Wherefore plaintiff prays that said judgment may be vacated and that he be permitted to make his defense thereto, and that in the meantime said defendants be enjoined from proceeding to enforce said judgment, and for such further relief as is equitable and proper."

"Fred L. Eberhart,
"Attorney for plaintiff."

That on December 31, 1942, P. E. Claypool, by his attorney, moved the court in cause No. 27104 for an order vacating the judgment in cause No. 26998, for an order suspending further proceedings on the judgment until a new trial had been had, and for a further order granting new trial in the cause upon the merits.

That precipe for summons was not filed in cause No. 27104 until January 11, 1943, and that service of summons was not made on the defendant Fred R. Hover until January 12, 1943, and was not made upon the defendants O. G. Terry and R. N. Larrimer until January 14, 1943.

The judge's trial docket shows the following entries:

"Case No. 27104
Case filed 12/31/42.

"Names of Parties.                    Attorneys.
"P. E. Claypool, Plaintiff        Fred L. Eberhart.
    vs.
"O. G. Terry, et al., Defendants

"Date of            Orders of Court          Journal
  Orders.                                    Vol. Page.
"1-2-43   Continued                           85   309
"1-8-43   Hearing had upon plaintiff's petition and motion to vacate judgment in case No. 26998 and said judgment vacated conditionally, and it appearing that said conditions have been complied with, and that the defendant has filed an answer setting forth a good defense it is ordered that said judgment in said cause No. 26998 be and the same hereby is set aside and vacated, and defendants are enjoined from proceeding to collect same. Plaintiff enjoined from disposing of the remainder of the original fund remaining in his hands pending the outcome of said proceedings in cause No. 26998. See entry. Filed 1-8-43.           85   320
"  4- 3-43   Continued                        85   449
"  9-11-43        ,,                          86   120
"12-31-43         ,,                          86   291
"  4- 1-44        ,,                          86   460
"  9- 9-44        ,,                          87   145"

On the same date, to wit, January 8, 1943, an entry based on the order appearing on the judge's trial docket, under date of January 8, 1943, was made on the journal of the court in cause No. 27104, which, omitting the caption, is as follows:

"This matter came on for hearing upon the petition to vacate the judgment heretofore rendered in this court in case No. 26998, wherein the said O. G. Terry,

Fred R. Hover and R. N. Larrimer were plaintiffs and the said P. E. Claypool the defendant, and the evidence, the court took the matter under advisement with the following instructions to P. E. Claypool:

"1. That thirty-five ($35) dollars be deposited in case No. 26998 to pay part of the court costs in that case, and

"2. That P. E. Claypool file in case No. 26998 a report as best he can of what disposition was made of the money he received in a lump sum amount from the Industrial Commission of Ohio.

"3. That P. E. Claypool tender a proposed answer.

"After P. E. Claypool having complied with the three named conditions, the court hereby finds that P. E. Claypool had a default judgment rendered against him and did not have a fair opportunity to bring a defense thereto and the court further finds that P. E. Claypool claims to have a valid defense in said case and that the plaintiff herein, by reason thereof is entitled to have the judgment in said case vacated.

"Therefore it is hereby ordered that the judgment in the case above named be and it hereby is vacated and a new trial in the case is granted. It is the further order of this court that O. G. Terry, Fred R. Hover and R. N. Larrimer be and are hereby restrained from any further proceedings in case No. 26998 as above re ferred to until such time as a new trial has been had therein and a judgment obtained.

"While P. E. Claypool has filed in court a statement stating that he cannot at the present time produce a full and complete accounting of every item of expense out of the fund of forty-eight hundred ($4,800) dollars received from the Industrial Commission of Ohio, it is hereby agreed that such funds as he still has on hand shall remain in his hands until the case has been reheard and a judgment obtained. It is the further

order of this court that said P. E. Claypool be restrained from disposing of any of said funds that he now has in his possession.

"Fred L. Eberhart

"Attorney for P. E. Claypool

"Chester Pendleton

"Common Pleas Judge."

It will be noted that summons had not been served upon any of the defendants and the cause was not at issue when the foregoing entries on the judge's trial docket and the court's journal were made, and that the journal entry is not approved by any of the defendants or anyone purporting to act as their attorney.

On March 2, 1943, and after service of summons had been had upon them, the defendants filed their demurrer to the petition in cause No. 27104, but no action has been had thereon by the court.

Nothing appears on the appearance docket or on the journal of the court, or in the pleadings or original papers in the cause, in any way indicating that any of the defendants had entered their appearance in the cause up to the time the order was made on the trial docket and entered on the journal on January 8, 1943, and, as above mentioned, no service of summons was had on any of the defendants until four days after the entries were made.

Applicable to this situation are the following rules of law:

1. "A court can render a valid judgment *in personam* only when it has acquired jurisdiction over the person of the defendant either by the service of process upon him or by his voluntary appearance. This should be disclosed by the record which should show (1) that the defendant was served with process, (2) that he formally entered his appearance in the proceedings, or (3) that he, in person or by counsel, was present and par-

ticipated in the hearing or took some step or proceeding which amounted to a general appearance * * *. The action of the court in this regard, though ordinarily without formalities, is absolutely necessary and must be made at the time the hearing is had." 3 American Jurisprudence, 784, 785, Appearances, Section 6. See, also, *Cleveland Leader Printing Co.* v. *Green,* 52 Ohio St., 487, 40 N. E., 201, 49 Am. St. Rep., 725.

2. "If jurisdiction of the defendant has not otherwise been acquired, it is absolutely essential to establish the jurisdiction of the court that an appearance of the defendant affirmatively appear in the record which is the sole evidence thereof if the matter is placed in issue." 6 Corpus Juris Secundum, 15, Appearances, Section 10.

3. "If the court in fact had no jurisdiction of the subject matter, whether the case be *in rem* or *in personam,* or, in cases *in personam,* of the parties, and there is no finding of the court that it had jurisdiction of the parties, any judgment or order which may be rendered, however regular the same may be in matter of form, is a mere nullity, and may be so treated in a collateral as well as in a direct attack." *Wehrle* v. *Wehrle,* 39 Ohio St., 365, 366, 367.

It will be noted that under both the first and second rules, where an appearance is in issue the matter must be tried by the record alone and not by other evidence.

On the trial of this case this court, as disclosed by the foregoing rules 1 and 2, erroneously admitted the testimony of witnesses on the question of the appearance of the defendants. This testimony it now *sua sponte* strikes out and it removes the same from consideration in the case.

As the record fails to show any appearance of any of the defendants, either in their individual capacity or by attorney, up to the time the entries above men-

tioned were made on the judge's trial docket and journal of the court, in cause No. 27104, the judgment of the Common Pleas Court in that cause vacating the judgment in cause No. 26998 in such court is, under rule 3 above mentioned, wholly void for want of jurisdiction of the persons of the defendants.

There is also another cogent reason why the judgment in cause No. 27104 is void.

In the case of *Taylor, Assignee,* v. *Fitch,* 12 Ohio St., 169, it is definitely held that a proceeding to vacate a judgment rendered by a Common Pleas Court at a former term, pursuant to statutory provisions similar to the provisions of Section 11631 *et seq.,* General Code, is not of itself a civil action, but is a special proceeding in an action after judgment, and subject to review only on error, and that the proceedings to vacate the judgment must be included in the record of the original case; that is, that the petition to vacate the judgment must be filed in the original case and all proceedings had thereon must be made a part of the record in the original case.

The reasoning upon which the holding in the *Taylor case, supra,* is based, as shown in the opinion in the case at pages 172 and 173, is irrefutable.

That holding has never been overruled and is approved and followed in numerous cases, typical of which are the cases of *Coates* v. *Chillicothe Branch State Bank of Ohio,* 23 Ohio St., 415, at pages 431 and 432; and *Braden* v. *Hoffman,* 46 Ohio St., 639, at pages 640 and 641, 22 N. E., 930. See, also, 23 Ohio Jurisprudence, 1154, Judgments, Section 1023.

It is also approved and followed in the case of *Beyer* v. *Beardmore,* 40 Ohio St., 70, at page 78, where it is held further that such proceeding is in the nature of an application for a new trial. That holding is ap-

proved and followed in the case of *Beck* v. *Beck,* 48 Ohio App., 105, 192 N. E., 791.

The holdings above mentioned show clearly that it was the legislative intent, in the enactment of the statutory provisions in question, that a petition 'for the vacation or modification of a judgment pursuant to such provisions, being in the nature of an application for a new trial, should be filed in the action in which the judgment sought to be vacated or modified is rendered.

The proceedings prescribed by such statutory provisions were unknown to the common law, and, being novel in character, strict compliance with such provisions is essential to the validity of a proceeding for vacation or modification of a judgment. *Rabb, Admr.,* v. *Board of Commrs. of Cuyahoga County,* 36 Ohio App., 481, 173 N. E., 255; 2 Lewis' Sutherland Statutory Construction (2 Ed.), 643, 644 and 645, Section 336.

Being in the nature of an application for new trial, it is obvious that the petition for the vacation or modification of a judgment is wholly ineffective to invoke the jurisdiction of the court unless it is filed in the action in which the judgment was rendered.

The petition in cause No. 27104, as will be noted from an inspection of the same, is based solely and wholly upon the provisions of Section 11631 *et seq.,* General Code, and does not allege any equitable grounds for relief from such judgment. Being so based and being filed in and as a separate action, it was ineffective to invoke the jurisdiction of the Common Pleas Court and the Common Pleas Court was without jurisdiction of the proceeding attempted to be commenced thereby. As the Common Pleas Court was without jurisdiction, the judgment is void.

As the judgment in cause No. 27104 was void it did not in any way constitute a bar to plaintiffs' right to

relief in cause No. 27106, on the judgment procured by them against the defendant P. E. Claypool in cause No. 26998.

The judgment of the Common Pleas Court in cause No. 27106, denying relief on the ground that the judgment in cause No. 26998 had been vacated and set aside by the judgment in cause No. 27104, is therefore erroneous in that it is contrary to law.

In submitting this cause, counsel assumed, and informed the court that the validity of the judgment in cause No. 26998 was the only issue in the case. But, as above mentioned, we find that the defendants have filed answers by way of general denials to the allegations of the petition, which place all the allegations in issue, so that notwithstanding the judgment in cause No. 27104 is void it will be necessary to take further testimony on the other issues joined by the pleadings before any final adjudication can be made. Therefore the case will be continued for the taking of further testimony on a date to be hereafter fixed by the court.

*Decree accordingly.*

JACKSON and MIDDLETON, JJ., concur.