# Richmond

MABEL G. MINTON v. FIRST NATIONAL EXCHANGE BANK OF VIRGINIA, EXECUTOR, ETC.

November 29, 1965.

Record No. 6058.

Present, All the Justices.

*Stuart A. Barbour, Jr.,* for the plaintiff in error.

*M. Caldwell Butler* (*Eggleston, Holton, Butler & Glenn*, on brief), for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

On January 19, 1922, Mabel G. Minton instituted suit against her husband, W. A. Minton, in the Circuit Court of Washington County, Virginia. The memorandum for process filed in the clerk's office of that court by plaintiff's attorney recites: "Subpoena In Chancery 2d February Rules, 1922. O. P. for Defendant. Last known P. O. address is Kingsport, Tennessee. The object of this suit is to obtain a divorce *a vinculo matrimonii* for complainant from defendant, and to secure to complainant custody of the children born to complainant and defendant, and for general relief. E. W. Potts, p. q." According to notations of the clerk of court, the order of publication was duly published, posted and mailed to Minton. No other process is shown to have been issued. On April 18, 1924, a final decree was entered in the cause awarding Mrs. Minton a divorce, the custody of her children, alimony, child support, attorney's fees and costs.

The final decree in its first paragraph recites:

"This cause came on this day to be heard upon complainant's bill and exhibits filed therewith; order of publication duly published against the defendant; the depositions of witnesses; and was argued by counsel."

The next paragraph recites facts appropriate to the jurisdiction and venue of the court in a suit for divorce; but no other jurisdictional facts whatever. In the following paragraph the court adjudged, ordered and decreed that Minton pay to Mabel G. Minton, as permanent alimony, the sum of six hundred dollars ($600.00) annually on the first day of May each year, and three hundred dollars ($300.00) annually for maintenance, support and education of the infant children of the parties. The judgment was docketed in the Clerk's Office of Washington County, on June 19, 1924, in the Judgment Docket Book.

The memorandum for process, the final decree, spread in the Chancery Order Book, and docket of the judgment are the only papers in the cause which could be found after an extensive search.

On April 14, 1961, Mrs. Minton instituted the present proceeding by filing a motion for judgment against the First National Exchange Bank of Roanoke, committee for her former husband. She alleged

that Minton owed her twelve thousand dollars ($12,000.00) with interest thereon from May 1, 1941, by virtue of the divorce decree. No claim was made for money ordered to be paid to her prior to May 1, 1941.

W. A. Minton died on January 4, 1963, and the First National Exchange Bank of Virginia, executor of the deceased, was substituted as defendant herein. The executor denied liability, and moved to dismiss the proceeding upon the ground that the decree of divorce was void on its face for lack of jurisdiction of the court to enter a judgment *in personam*, in that it appeared on the face of the decree that the only process against Minton was an order of publication and that alone.

The plaintiff, Mrs. Minton, concedes that: "There is no question but that a valid *in personam* judgment must be based upon the service of process upon a defendant or his appearance in the suit when not personally served with process." In accord therewith are: *Pennoyer v. Neff*, 95 U. S. 714, 24 L. ed. 565; *Bray v. Landergren*, 161 Va. 699, 172 S. E. 252, and many other decisions.

She admitted that the available record in the divorce case did not show that Minton was personally served with process, or that he had made a general appearance in the divorce proceeding, but argued there was a presumption in favor of the jurisdiction of that court to enter the judgment complained of, because it "did not, and would not, enter a decree which would be other than right and proper, which presumption attests the honesty and intelligence of the court rendering same." She requested leave to present evidence of facts and circumstances tending to show that Minton did make a general appearance in the proceeding. The request was granted over the vigorous objection of the executor.

There was then introduced the following evidence:

Mrs. Minton testified that L. P. Summers, an attorney now deceased, represented her former husband in the divorce proceeding; that Summers was present at the taking of depositions therein; that she did not remember seeing her husband subsequent to the divorce decree; that she never communicated with him or made any demands upon him for alimony or other money and he paid nothing; that she had never remarried; and that Minton had remarried twice after 1924.

A transcript of an *ex parte* interview between Mr. Stuart A. Barbour, Jr., present counsel for Mrs. Minton, with Miss Ann Campbell

was presented. In that interview, Miss Campbell said she was secretary to E. W. Potts, now deceased, counsel for Mrs. Minton in the divorce proceeding; and' that she had found an unsigned carbon copy of depositions in that case in the file of her late employer. She identified the copy, saying that she reported the depositions; that the notation thereon of the presence of L. P. Summers as counsel for the defendant, Minton, at the hearing, was made by her; and that Summers was present. She did not testify that the original of the depositions was filed in the divorce proceedings.

On August 4, 1964, the court sustained the executor's motion to dismiss the motion for judgment, and entered judgment in favor of the executor. It found, from the record and proceedings in the Circuit Court of Washington County, and the extrinsic evidence presented, that Minton was proceeded against solely by an order of publication; that he never personally was served with process, and did not appear in the said proceedings; and, therefore, that court was without jurisdiction to enter the personal decree for money against Minton.

Counsel assigned error to the judgment on the ground that it was contrary to the law and the evidence. The executor-defendant assigned cross-error to the ruling of the court permitting the taking of the extrinsic evidence.

We agree with the findings of the trial judge in this proceeding. However, we are of opinion that the extrinsic evidence presented was inadmissible.

The depositions, above referred to, show that they were taken in September and October, 1923, and a further hearing was continued to an unspecified date and place. They were signed by no one, do not show the name of the person authorized to take them, or what occurred after the date of the continuance. They do not show that Summers participated in any manner at their taking, by asking any questions, interposing any objection, or filing any pleading. They contain no reference whatever to money, the ability of Minton to pay, or the needs of Mrs. Minton and her children. The evidence taken related only to the jurisdictional requirements and facts necessary to entitle the plaintiff to a divorce on the ground of desertion.

It is true that a presumption is liberally indulged in favor of a court of competent jurisdiction that the proper party is before the court. There is, however, no place for presumption where the want

of jurisdiction appears affirmatively on the face of the proceedings. *Wade et als.* v. *Hancock and Agee*, 76 Va. 620, 625.

"(T)he record is presumed to speak the truth and can be tried by inspection only; extrinsic evidence not being allowed to impeach the verity of the record." *Farant Invest. Corp.* v. *Francis*, 138 Va. 417, 430, 122 S. E. 141; *Wilcher and als.* v. *Robertson*, 78 Va. 602, 616; *Fidelity and Deposit Co.* v. *Anderson*, 155 Va. 535, 552, 150 S. E. 413, rehearing denied 155 Va. 554, 155 S. E. 828. Cf. *Blanton* v. *Carroll*, 86 Va. 539, 540, 10 S. E. 329.

"Generally what does not appear from the record to have been done was not done." *Craddock's Adm'r* v. *Craddock's Adm'r*, 158 Va. 58, 69, 163 S. E. 387.

In this case, lack of jurisdiction to enter an *in personam* judgment affirmatively appears upon the record. Where that fact so appears, presumptions cannot be indulged in to supply the lack of averments respecting the jurisdiction. *Dillard* v. *Central Virginia Iron Co.*, 82 Va. 734, 738, 1 S. E. 124; 30A Am. Jur., Judgments, §§ 39 and 41.

The memorandum for process and the final decree in the divorce case are perfectly consistent with each other. The memorandum requests an order of publication against the defendant, a non-resident. The decree brings the cause on for hearing upon an "order of publication." It shows how defendant got before the court. There is no record of any other process against the defendant, or of any general appearance by him. The extrinsic evidence does not controvert the affirmative, unambiguous recital of the decree.

In Judge Brockenbrough Lamb's "A Virginia Cause," it is pertinently said at page 50:

"The object of bringing the cause on in full form is a simple one: to make a permanent record *on the order book* of the parties before the court, how they got before the court, and what pleadings were filed by each of them. The court papers may be lost or misplaced—the frequency with which this happens is to be deplored—but the order book is permanent; and from the decrees in the order book, in a properly conducted cause, the whole case can be sufficiently reconstructed should occasion demand."

It is generally held that an appearance by a party requires some act on the part of that party evidencing an intention to submit himself to the jurisdiction of the court. 6 C. J. S., Appearances, § 1a; 2 Mich. Jur., Appearance, § 11; 5 Am. Jur., 2d, Appearance, § 1. Where an appearance is in issue, the matter must be tried by the

record alone and not by other evidence. *Terry* v. *Claypool*, 77 Ohio App. 77, 65 N. E. 2d 883; 6 C. J. S., Appearances, § 10a; 5 Am. Jur., 2d, Appearance, § 12.

"(T)he mere physical presence of a party or of his attorney in the court room during the trial, or at the taking of depositions where there is no participation, or the presence as a witness of a party over whom jurisdiction has not been acquired, will not of itself constitute an appearance in the action." 6 C. J. S., Appearances, § 12, page 20.

There is no room for presumptions here. The learning and ability of the judge of the Circuit Court of Washington County are not in question. The judgment *in personam* was simply a judicial error, not a factual mistake. Judges, being human, may sometimes "nod," as did Homer. We do not know why the judge granted the judgment *in personam*, and we ought not to speculate. It is to correct such errors that appellate courts are created.

For the foregoing reasons, the judgment of the trial court in this case is affirmed and the motion for judgment dismissed. *Bailey* v. *Bailey*, 172 Va. 18, 21, 200 S. E. 622.

*Affirmed.*