## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Sears, Roebuck & Co.

v.

Woodward et al.

February 25, 1969

Case No. (Law) 5347

By JUDGE EDWARD L. RYAN, JR.

Judgment should be against *Mrs.* Laroy Woodward, but not against Mr. Laroy Woodward for the reason that he had no contract whatsoever with the plaintiff. As to his having had any possession of the ring in controversy, this is a pure question of fact that the court decides in his favor.

The issue of the application of the appeal bond presents a more challenging question. Judgment was against both defendants in the Civil Justice Court and *Mr.* Woodward noted the appeal to this court. *But* the Endorsement of Appeal, certified by Judge Harper, states the following:

> The said Defendants having prayed an appeal from judgment in this case, and tendered Four Hundred Fifty and 00/100 dollars, in lieu of bond, for the payment of said judgment and all costs and damages, in case the same shall be affirmed, an appeal from judgment is granted the said Defendants to the Court of Law and Chancery of the City of Norfolk, Va.

It is probably true that Mr. Woodward attempted to note an appeal and post a cash bond for himself only. Also, it appears that Mrs. Woodward did nothing to effect an appeal and knew nothing about it until several weeks

later when so informed by her sometime attorney. (At trial, animosity between the defendants was patent and intense, because of marital difficulties that developed between them several months ago. It would not be reasonable to assume that Mr. Woodward had any intention of perfecting an appeal for Mrs. Woodward.) However, the record shows that the appeal was made for and by *both* defendants.

The Endorsement of Appeal was certified by the judge of the Civil Justice Court, but when lodged here it became a part of the record of this court and, thus, a verity. In 5 Michie's Juris., *Courts*, § 23, it is said that "Courts of Record can speak only through their record, and anything not appearing in the record does not exist in law." Further, in § 31 it is added that "A judicial record imports such absolute verity that in the absence of any allegation of fraud no person against whom it is pronounced will be permitted to aver or prove anything against it . . . . A court must speak by its record or not at all. To be effective, it must be a verity in itself." Virginia case law adds the following:

> In a court of record what the court does it does of record, and what the record does not show was done was not done. The record imports such absolute verity that no evidence will be received to add to it or subtract from it, except under statutory permission. So strict is the application of the rule that this court refused to accept the most satisfactory proof of an omission from the record in a case involving human life. *Walker* v. *Commonwealth*, 144 Va. 648 (1926).

> [T]he record is presumed to speak the truth and can be tried by inspection only; extrinsic evidence not being allowed to impeach the verity of the record. (Cases cited). *Minton* v. *Bank*, 206 Va. 589 (1965).

The court holds that Mr. Woodward may not offer, and the court may not consider, any extrinsic evidence attempting to show that Mrs. Woodward did not appeal.

Secondly, it would appear that Mr. Woodward would be estopped from offering any extrinsic evidence that he intended to note an appeal for himself only. When the appeal was noted the Civil Justice Court did not issue the usual *fieri facias*, hence plaintiff was denied an immediate writ of execution against Mrs. Woodward. Plaintiff also lost its garnishment rights against said defendant who was then gainfully employed.

Finally, this court had to treat the matter *de novo* and give Mrs. Woodward "another day in court" against the plaintiff's claim.

Even though the appeal be made mistakenly or innocently for Mrs. Woodward, Mr. Woodward is now estopped from seeking any relief from the provisions of the bond.

> When all the varieties of equitable estoppel are compared, it will be found that the doctrine rests upon the following principle: When one of two innocent persons--that is, persons each guiltless of an intentional moral wrong--must suffer a loss, it must be borne by that one of them who, by his conduct, acts, or omissions, has rendered the injury possible. In other words, a man shall not defeat his own act or deny its validity to the prejudice of another. Accordingly, a litigant cannot take advantage of his own wrong, although unintentional. And the principles of equitable estoppel are applied in actions at law as well as in suits in equity . . . . The estoppel is commensurate with the thing represented, and operates to put the party entitled to its benefit in the same position as if the thing represented were true. 7 Michie's Juris., *Estoppel*, § 14, p. 263.

"It is of the essence of estoppel that the act relied upon as such should have been injurious, and to the prejudice of him who relies upon it as an estoppel." 7 Michie's Juris., *Estoppel*, § 31. The court further holds that plaintiff was injured and prejudiced when it was denied its rights to proceed sooner and affirmatively against Mrs. Woodward and that the bond must respond to the judgment rendered here against her.