## CIRCUIT COURT OF ALBEMARLE COUNTY

Marsha L. Griggers et al.

v.

Amtrak et al.

November 27, 1995

Case No. 5442-L

BY JUDGE PAUL M. PEATROSS, JR.

Defendant Amtrak has filed a Motion to Dismiss the wrongful death action filed by the plaintiffs, Marsha L. Griggers and Jan Roltsch-Anoll, individually and as co-administrators of the Estate of Jamie D. Griggers, deceased. The defendant asserts, and the plaintiffs do not contest, that the plaintiffs failed to comply with the one-year service requirement of Rule 3:3(c) of the Rules of the Supreme Court of Virginia. The plaintiffs argue, however, that the defendant waived any defect in the service of process by filing its grounds of defense and discovery requests and, as a result, that the defendant is thereby estopped from raising the issue. The Court heard oral argument on November 9, 1995, and counsel have submitted legal authority for the Court's consideration.

Rule 3:3(c) requires plaintiffs to serve defendants with process within one year of filing actions.[1] In the instant case, the plaintiffs served the defendant with process one year and two months after filing their Motion for Judgment. Rather than pursue the remedy afforded by § 8.01-277 of the Virginia Code,[2] however, the defendant filed its Grounds of Defense

---

[1] Rule 3:3(c) provides in relevant part: "No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him."

[2] Virginia Code § 8.01-277 (Michie 1995 Cum. Supp.) states the following: "A person, upon whom process to answer any action has been served, may take advantage of any

without objection to the defective service. The defendant subsequently served the plaintiffs with its First Interrogatories and its Request for Production of Documents.

More than one year after making its general appearance, the defendant now requests this Court to dismiss the action against it. It is a well-established rule, however, that by generally appearing in an action, a defendant waives all defects in the process and the service thereof. *Davis Bakery v. Dozier*, 139 Va. 628, 124 S.E. 411 (1924).

The defendant points the Court's attention to the distinction between "defective" and "void" process. Yet, even if there had been no service on the defendant, the defendant waived any objection to lack of service with its general appearance, which is the equivalent of personal service of process. *See, Nixon v. Rowland*, 192 Va. 47, 63 S.E.2d 757 (1951). A valid in personam judgment may be based either "upon the service of process upon a defendant or his appearance in the suit when not personally served with process." *Minton v. First Nat'l Exch. Bank of Va.*, 206 Va. 589, 145 S.E.2d 139 (1965) (citations omitted).

Rule 3:3 provides protection for defendants who do not receive timely service of process; § 8.01-277 provides the course of action by which to obtain that protection. By voluntarily making a general appearance in this action, the defendant submitted itself to the jurisdiction of this court and thereby waived the protection proffered by Rule 3:3. Unlike subject matter jurisdiction, which may be challenged at any time, personal jurisdiction is deemed waived if not timely challenged. 11B Michie's Jur., *Jurisdiction*, §§ 20-21 (1986).

Because the Court finds that defendant Amtrak waived any objection to service of process by making a general appearance, the Court denies the defendant's Motion to Dismiss.

---

defect in the issuance, service, or return thereof by a motion to quash filed prior to or simultaneously with the filing of any pleading to the merits. Upon sustaining the motion, the court may strike the proof of service or permit amendment of the process or its return as may seem just."