## Richmond

### THE SOUTHWEST BANK OF VIRGINIA V. PEOPLES BANK, INC., FORMERLY THE PEOPLES BANK OF HONAKER, INC.

April 23, 1976.

Record No. 751059.

Present, All the Justices.

*James P. Jones (Penn, Stuart, Eskridge & Jones,* on brief), for appellant.

*T. G. Shufflebarger (Shufflebarger & McNeace,* on brief), for appellee.

*William F. Schutt,* for the State Corporation Commission.

Per Curiam.

By order entered May 14, 1975, the State Corporation Commission authorized Peoples Bank, Inc., formerly The Peoples Bank of Honaker, Inc., applicant, to establish a branch office at Banners Corner, Castlewood, in Russell County. The Southwest Bank of Virginia, intervener, in its appeal of right, challenges the validity of the order on the ground that the application was approved in the absence of

a quorum,[1] in that only one member of the Commission heard all the evidence and no transcript of the evidence was prepared prior to entry of the order.

An evidentiary hearing on the application was held by the Commission on May 1, 1975, with Chairman Harwood absent. Commissioner Bradshaw, who presided, announced prior to the taking of evidence that Commissioner Harwood would "read this record and participate in the decision". The applicant presented six witnesses in support of its application, and the intervener presented two witnesses in opposition thereto. At the conclusion of the evidence Commissioner Bradshaw made this statement:

"Well, I am sorry that Judge Shannon had to leave on the last witness here. It was something that required him to, but as I said in the beginning, since Judge Harwood is absent today all three will review the record and participate in the decision of this case.

"And, the Commission will take this matter under advisement and notify the parties just as soon as we can."

There is nothing in the record to show whether Commissioner Shannon left before hearing any of the testimony of the last witness. Obviously, he did not hear all of this testimony.

The notice of appeal and assignments of error were filed by the intervener on June 11, 1975. The transcript was completed on August 20, 1975, and the opinion of Commissioner Bradshaw, which stated that Commissioner Shannon concurred and that Commissioner Harwood "took no part", was filed on September 15, 1975.

The intervener's counsel conceded in argument before us that it is not necessary that two or more members of the Commission be present while each witness testifies, provided all the evidence is considered by at least two Commissioners. Indeed, consideration of the evidence by those responsible for making the decision is all that due process requires. *See Morgan* v. *United States*, 298 U.S. 468 (1936); *Morgan v. United States, rehearing*, 304 U.S. 1 (1938); *United States* v. *Morgan*, 313 U.S. 409 (1941); *Crawford* v. *Wayne County Board of Education*, 275 N.C. 354, 360, 168 S.E.2d 33, 37 (1969). Nevertheless, the intervener asks us to hold as a matter of law that all the evidence in the present case was not considered by Commissioner

---

[1] The Commission consists of three members. Code § 12.1-6 (Repl. Vol. 1973). A majority of the members "shall constitute a quorum for the exercise of judicial, legislative, and discretionary functions . . . ." Code § 12.1-8 (Repl. Vol. 1973).

Shannon. On the basis of the record before us, we decline to so hold.

The record of a court proceeding is presumed to reflect accurately what transpired, and extrinsic evidence is inadmissible to impeach the verity of the record. *Minton* v. *Bank,* 206 Va. 589, 593, 145 S.E.2d 139, 142 (1965). *See also Woodard* v. *Commonwealth,* 214 Va. 495, 499, 201 S.E.2d 785, 788 (1974); *Heflin* v. *Commonwealth,* 211 Va. 407, 408, 177 S.E.2d 644, 645 (1970); *Jordan* v. *Taylor,* 209 Va. 43, 48, 161 S.E.2d 790, 793 (1968). We hold that the same presumption as to the verity of the record applies to proceedings before the State Corporation Commission.

The intervener asserts that the chronology of events, as disclosed by the record, shows that, although not impossible, it was unlikely that Commissioner Shannon considered the evidence before it was transcribed. We do not agree. As the intervener concedes, there were various means by which the Commissioner could have familiarized himself with the testimony that he did not hear in person. We need not speculate on the possibilities. The record shows that Commissioner Shannon considered all the evidence before a decision was made on the application. The order of May 14, 1975, states that the Commission considered the evidence introduced by the applicant and by the intervener. The opinion of Commissioner Bradshaw states that the order of May 14, 1975, was endorsed by Commissioners Bradshaw and Shannon. Once it is established that a proper hearing was conducted we will not probe the mental processes of the Commissioners. *See United States* v. *Morgan, supra,* 313 U.S. at 422.

Under Code § 12.1-39 (Repl. Vol. 1973) the Commission is required to file an opinion in the record only when an appeal is taken. Thus, there was no necessity for the Commission to prepare an opinion until the intervener gave notice of its intention to appeal. In view of Commissioner Shannon's departure from the hearing prior to its conclusion and the representations of Commissioner Bradshaw that all three Commissioners would consider the evidence, it might have been advisable to defer a decision on the application until a transcript was available. There was no legal requirement, however, that this be done.

Accordingly, we hold that the intervener has failed to show that the Commission's order of May 14, 1975, is invalid, and the order is

*Affirmed.*