## CIRCUIT COURT OF HENRICO COUNTY

Margaret Proffitt

   v.

Herbert Proffitt

June 29, 1978

Case No. 76L45 / BBBB

By JUDGE E. BALLARD BAKER

Herbert Proffitt, by motion filed April 19, 1978, moves the Court "to void, set aside, vacate, annul, dismiss or otherwise eliminate . . ." a judgment of April 16, 1976, obtained against him by Margaret Proffitt.

The motion requires the recital of certain events.

On February 6, 1976, Margaret Proffitt filed a Motion for Judgment against Herbert Proffitt, asking compensatory and punitive damages for an alleged battery of June 25, 1975. This case was given number 76L45 by the Clerk.

Posted service was obtained on February 10, 1976.

By letter of March 3, 1976, received on March 4, counsel for Margaret Proffitt advised the Court that the defendant was in default, and obtained April 16, 1976, at 9:00 A.M. for a hearing on a default judgment.

On March 16, 1976, Herbert Proffitt, by counsel, filed an "Answer and Grounds of Defense" to ". . . plaintiff's Motion for Judgment," denying the allegations in the Motion for Judgment. This pleading was

marked "Received and Filed in office" by the Clerk. It did not indicate any file number and was placed by the Clerk's office in a divorce then pending between the parties under the identical style, the divorce file being Case N-222. An Answer and Cross-bill had previously been filed in the divorce case.

The March 16, 1976, pleading did contain the certificate required by Rule 1:12, former Rule 3:15.

On April 16, 1976, Margaret Proffitt appeared and asked for judgment. Notes of the Judge who heard the case reveal that the defendant was "called thrice/came not." After hearing evidence, the notes further reveal judgment to Margaret Proffitt for $6,000.00 compensatory and $3,000.00 punitive damages, the Clerk to prepare the Order.

The Order was prepared and initialed by the Judge, but recites that the parties came ". . . in person and by counsel . . ." and that ". . . both the plaintiff and defendant waived trial of the issue herein by jury . . ." Judgment in the amount noted above was entered. The Order bears the typed names of plaintiff's counsel beneath it.

On December 20, 1977, at the request of counsel for Herbert Proffitt, the Clerk located the "Answer and Grounds of Defense" of March 16, 1976, in the divorce file, N-222, which had been ended by Final Decree of November 23, 1976. The Clerk placed this "Answer and Grounds of Defense" in the law file, Case No. 76L45, on December 20, 1977.

Next came the motion by Herbert Proffitt on April 19, 1978, to set aside the April 16, 1976, judgment.

On May 11, 1978, counsel were heard on the motion. Oral comments by counsel indicated several things not really material to the issue, such as why the defendant's "Answer and Grounds of Defense" was not filed until March 16, 1976, after he was in default, and efforts by counsel for Margaret Proffitt to contact counsel for Herbert Proffitt after receipt of copy of

the March 16, 1976, pleading, and his examination of the Court file which, of course, did not reveal the filing of the original of that pleading in the law case, 78L45. Counsel for Margaret Proffitt did support the statement that Herbert Proffitt was not present on April 16, 1976, nor was his counsel present. Counsel states that he advised the Court that a copy of an "Answer and Grounds of Defense" had been received, but the Court stated such was not in the file, and the date shown on the copy indicated the defendant was in default. The Court was not aware of the misfiling.

Herbert Proffitt contends the judgment is void because he had counsel of record prior to the default judgment and received no notice.

Section 8.01-428 is applicable. The section provides that a judgment by default may be set aside if it be void. The section also permits clerical mistakes in all judgments to be corrected at any time.

There is no question but that the written Order of April 16, 1976, is incorrect in stating the presence of the defendant and his counsel. Such recital is incorrect, as is the statement that the defendant waived trial by jury. The Order of April 16, 1976, is, under section 8.01-428(B), corrected to provide that the defendant did not appear in person or by counsel. The presumption of verity referred to in Southwest Bank v. People's Bank, 216 Va. 788 (1976), cannot prevail over an admission of a clerical error.

With the Order properly reciting the facts, is the judgment void?

Herbert Proffitt responded to the Motion for Judgment by mailing an "Answer and Grounds of Defense". While he did not identify the case by number and ambiguously named the pleading, he did respond to the Motion. It was incorrectly placed in a divorce file. As noted, the certificate of mailing required by Rule 1:12, former Rule 3:15, was completed. Also as noted, the response was marked "Received and Filed in office" by the Clerk under date of March 16, 1976.

Under Rule 1:5 "Counsel of Record" includes counsel or party who has signed a pleading. Is a reply filed after the expiration of 21 days a pleading? I find nothing clear on this. Rule 3:17 speaks of a defendant who ". . . fails to plead . . . within the required time . . ." From this it can be argued that a response after the required time is no less a pleading, but does not prevent default. If it is a pleading, then the lawyer who signs it is counsel of record.

In my view, Mr. Proffitt's attorney became counsel of record when the "Answer and Grounds of Defense" was received by the Clerk. The misfiling of this cannot change the fact of the receipt. While Proffitt was in default, and was not entitled to notice, he could be heard on the issue of damages. Rule 3:17; Chappell v. Smith, 208 Va. 272. It is also true that, on presentation of an order, the time for the defendant's response could have been extended to the time it was in fact received, which would have cured the default.

Rule 1:13, as of April 16, 1976, read as follows:

Drafts of orders and decrees shall be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts together with copies thereof shall be served by delivering or mailing to all counsel of record who have not endorsed them. Compliance with this rule and Rule 1:12 may be modified or dispensed with by the Court in its discretion.

Under Cofer v. Cofer, 205 Va. 834, an order decreasing support, entered without notice to or endorsement by counsel, was held to be void because of lack of endorsement or notice. Rights of infants were involved and the Supreme Court held that the trial court should not have dispensed with the requirements for notice or endorsement. The Order was held void.

Rights of infants are not involved here so <u>Cofer</u> is not controlling. Nor is <u>Cofer</u> considered as a default judgment situation.

There is a conflict between the Rule 3:19 provision that a defendant in default is not entitled to notice of any further proceedings and the Rule 1:13 provision relating to reasonable notice to counsel of record. The situation relating to counsel of record for a party in default is not covered.

In my judgment, such conflict should be resolved in favor of permitting Mr. Proffitt his day in Court. What would have happened on April 16, 1976, if the "Answer and Grounds of Defense" of March 16, 1976, had been in the proper file can not be determined.

However, it is clear Mr. Proffitt never was given the opportunity to be heard on damages. The misfiling of the pleading and lack of notice to counsel of record caused that. In my view, he is entitled to be heard.

Under these circumstances, the Order of April 16, 1976, is held void.

Counsel are requested to submit an Order so holding, which Order should incorporate this letter by reference. The Order should also extend the time for filing the defendant's Grounds of Defense to March 16, 1976.

The Court will keep open for further comment whether Mr. Proffitt will be allowed to contest both liability and damages or only damages.