**Richmond**

HOWARD JUNIOR HUTCHERSON

v.

COMMONWEALTH OF VIRGINIA

No. 0686-87-2

Decided January 3, 1989

COUNSEL

Kimberly B. O'Donnell (Office of the Public Defender, on brief), for appellant.

Richard A. Conway, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Seventeen year old Howard Junior Hutcherson was convicted of breaking and entering, grand larceny, abduction and robbery. The Richmond Juvenile and Domestic Relations District Court, basing its decision on Hutcherson's age and the nature of the offenses, transferred him to be tried in the circuit court as

an adult pursuant to Code § 16.1-269. Hutcherson objected to the transfer, contending that the juvenile court judge failed to make a required finding that he was nonamenable to treatment or rehabilitation in the juvenile system. The circuit court determined that the juvenile court's findings were proper and denied Hutcherson's motion to quash the transfer. Hutcherson challenges the refusal of both courts to dispose of his case under the provisions for juvenile offenders.

Hutcherson contends that a finding of nonamenability to treatment or rehabilitation under Code § 16.1-269(A)(3)(b) requires a juvenile court to consider the child's past contacts and prior treatments with the juvenile system. He argues that implicit in finding "nonamenability" is the requirement that a juvenile has previously been offered treatment or rehabilitation and has failed to respond. We disagree.

The plain language of Code § 16.1-269(A)(3)(b)[1] authorizes a juvenile court judge in determining nonamenability to look to either the nature of the offense or other factors as set forth in the statute. Use of the word "or" in Code § 16.1-269(A)(3)(b) allows a finding of nonamenability based solely on the nature of the offense. While past treatment efforts by the juvenile courts and the nature of the child's response are among those factors enumerated in the statute which may be considered in determining nonamenability, a past history of failure is not essential to the determination. Courts are not required to engage in a futile pursuit of juvenile treatment and rehabilitation solely because there is no history of failure to rehabilitate through the juvenile system. Other factors, particularly the nature and circumstances surrounding an offense, may establish that a juvenile offender with no prior history of treatment in juvenile court will nevertheless not be amenable to the treatment or rehabilitation services available

---

[1] Code § 16.1-269(A)(3)(b) reads as follows:

The child is not, in the opinion, of the court amenable to treatment or rehabilitation as a juvenile through available facilities, *considering the nature of the present offense* or such factors as the nature of the child's prior delinquency record, the nature of past treatment efforts and the nature of the child's response to past treatment efforts; provided, however, when the alleged delinquent act is armed robbery, rape as provided in § 18.2-61 or murder, or when the child has previously been tried as an adult and convicted of a felony and is presently alleged to have committed an act which would be a felony if committed by an adult, the court may certify the child without making the finding required by this subdivision. (emphasis added).

there.

In transfer hearings, juvenile court and trial judges, when they consider the nature of the offense, must look beyond the face of the charge and consider all the circumstances surrounding the offense, the extent of the juvenile's involvement and the interests of society and of the child. A determination of nonamenability based solely on the face of the charge is only permissible when the offense is one of those enumerated in the statute. In determining nonamenability, the statute requires juvenile courts to consider the surrounding circumstances involved with the offense and in doing so to weigh the interest of both the child and public. *Grogg v. Commonwealth*, 6 Va. App. 598, 605, 371 S.E.2d 549, 552 (1988).

In this case Hutcherson and two other boys were accused of luring an 81-year-old man from his apartment, where they assaulted him and one held him there against his will while the other two burglarized his apartment. From the circumstances surrounding these offenses and Hutcherson's age, the juvenile court determined that the interests of the public and of Hutcherson were best served by finding that he was not amenable to treatment and rehabilitation as a juvenile and should be tried as an adult. The court properly considered the serious nature and circumstances of the offenses, preying upon and assaulting an elderly victim, and the offender's age in finding that he was not amenable to treatment and rehabilitation as a juvenile. The finding of nonamenability was clearly permissible under the statute and the transfer was thus proper.

Accordingly, the judgement of the trial court is affirmed.

*Affirmed.*

Barrow, J., and Cole, J., concurred.