JONATHAN E. KLUIS

v.

COMMONWEALTH OF VIRGINIA

No. 1453-90-1

Decided June 16, 1992

COUNSEL

Lynwood W. Lewis, Jr., for appellant.

Kathleen B. Martin, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BAKER, J.**—In this appeal from the Circuit Court of Accomack County (trial court), Jonathan E. Kluis (appellant) alleges that the trial court erred when it held that he could be tried as an adult for the crime of breaking and entering the property of another with the intent to commit larceny. Appellant asserts that the sole reason for the trial court's decision was that he previously had been declared emancipated. On appeal, he asks us to hold that emancipation of a juvenile pursuant to Code § 16.1-333 does not *per se* render that juvenile nonamenable to treatment within the juvenile system and thereby provide a sufficient basis to allow his transfer to the jurisdiction of the circuit court pursuant to Code § 16.1-269. While we agree that emancipation alone is not a sufficient reason to transfer a felony charge from a juvenile and domestic relations district court to a circuit court for trial, we find that the record contains evidence sufficient to support the trial court's decision and affirm its judgment.

Appellant was declared emancipated by an order entered in the Juvenile and Domestic Relations District Court of Accomack County (juvenile court) on August 16, 1989. At the time, appellant was sixteen years of age. Subsequent to the entry of that order, he was arrested and charged with feloniously breaking and entering, on or about June 27, 1990, into the property of another with the intent to commit larceny. On that date, he was seventeen years of age.

On July 16, 1990, after a hearing and a written study and report were considered by the juvenile court, probable cause was found to believe appellant committed the act with which he was charged. The juvenile court further found that appellant was not amenable to treatment or rehabilitation as a juvenile, and by order transferred appellant's case to the circuit court for trial on the charge. Appellant appealed that order to the circuit court where, on August 10, 1990, a hearing was held on that appeal. At the hearing, Bill Weaver, a juvenile probation counselor, explained the procedure when felony cases involving juveniles are heard by the juvenile court. He stated that normally, upon being found within the purview of the court or guilty, first offenders would be placed on probation. He described the difficulties a probation counselor would encounter in this case due to the usual terms of probation which required that his department and the parents monitor the juvenile's conduct, and because of the specific duties the parents would be required to perform in a supervisory plan set up by the court.

At the August 10, 1990 hearing, Gary Fox, an Accomack County Deputy Sheriff familiar with appellant, his parents and grandparents, advised the trial court that appellant had been living with the grandparents since his emancipation, during which time he was charged with the misdemeanor of petty larceny. Pending trial of that case, appellant was released to the care of the grandparents but they had "no relationship with [appellant] whatsoever." They could not "talk or agree on anything at all." Notwithstanding that he had been released to their care, appellant left the state without advising them and within a week was charged with the offense from which this appeal emanates. At the hearing, appellant produced no evidence on his behalf, relying only on the fact that, although emancipated, he remained a juvenile.

■ Emancipated or not, appellant is a "child" as defined in Code § 16.1-228.[1] Code § 16.1-269 permits the transfer of a child fifteen years or older to the circuit court if such child is charged with an offense, which if committed by an adult, could be punishable in a state correctional facility. Here, the crime with which appellant is charged is one included in that Code section, thus,

---

[1] Code § 16.1-228(5) provides as follows: "Child," "juvenile" or "minor" means a person less than eighteen years of age.

appellant's transfer was permissible under Code § 16.1-269.

Code § 16.1-269 further provides that any transfer to a circuit court is subject to several conditions, one being that the "child is not, in the opinion of the court, amenable to treatment or rehabilitation as a juvenile through available facilities."

■ Emancipation alone does not elevate the status of a juvenile to an adult. Emancipation only gives a minor an independence not entirely possessed by other juveniles who have not been emancipated. That independence does not include the right, after committing the felony with which appellant stands indicted, to be shielded automatically from adult prosecution. How a juvenile is treated or prosecuted depends upon the facts and circumstances of each case.

■ Trial courts are of necessity vested with discretion in determining whether a juvenile should be treated as an adult and tried accordingly. Trial court judges are far better positioned to make such determinations from their personal observation of the parties than appellate judges who view only the written record. Therefore, the trial court's decision whether to transfer jurisdiction will not be reversed absent a showing that its exercise of discretion has been abused. *See Tilton v. Commonwealth*, 196 Va. 774, 780-81, 85 S.E.2d 368, 372 (1955).

Code § 16.1-269(A)(3)(b) provides for the transfer to the circuit court when:

The child is not, in the opinion of the court, amenable to treatment or rehabilitation as a juvenile through available facilities, *considering the nature of the present offense* or such factors as the nature of the child's prior delinquency record, the nature of past treatment efforts and the nature of the child's response to past treatment efforts; provided, however, when the alleged delinquent act is armed robbery, rape as provided in § 18.2-61 or murder, or when the child has previously been tried as an adult and convicted of a felony and is presently alleged to have committed an act which would be a felony if committed by an adult, the court may certify the child without making the finding required by this subdivision.

(emphasis added). As noted, it is the responsibility of the trial court to determine whether a juvenile defendant is amenable to rehabilitation under that Code section.

> The plain language of Code § 16.1-269(A)(3)(b) authorizes a juvenile court judge in determining nonamenability to look to either the nature of the offense or other factors as set forth in the statute. Use of the word "or" in Code § 16.1-269(A)(3)(b) allows a finding of nonamenability based solely on the nature of the offense. While past treatment efforts by the juvenile courts and the nature of the child's response are among those factors enumerated in the statute which may be considered in determining nonamenability, a past history of failure is not essential to the determination. Courts are not required to engage in a futile pursuit of juvenile treatment and rehabilitation solely because there is no history of failure to rehabilitate through the juvenile system. Other factors, particularly the nature and circumstances surrounding an offense, may establish that a juvenile offender with no prior history of treatment in juvenile court will nevertheless not be amenable to the treatment or rehabilitation services available there.

*Hutcherson v. Commonwealth*, 7 Va. App. 534, 536-37, 375 S.E.2d 403, 403-04 (1989) (footnote omitted).

We hold that emancipation alone is not sufficient to support the transfer of a juvenile from the juvenile court to the circuit court. In each case, the trial court is charged with the duty to weigh the interest of both the child and the public. *Id.* at 537, 375 S.E.2d at 404. The defendant's emancipation is but one of the factors to be considered. Here, the record supports the decisions of the juvenile court and the trial court that appellant was not amenable to the treatment and rehabilitation contemplated by the applicable Code provisions.

Accordingly, finding no abuse of discretion in the exercise of the trial court's discretionary power, the judgment is affirmed.

*Affirmed.*

Duff, J., and Willis, J., concurred.