**Alexandria**

CHARLES L. BEA

v.

COMMONWEALTH OF VIRGINIA

No. 0763-91-4

Decided August 11, 1992

COUNSEL

Carl G. Womack, Jr., for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**DUFF, J.**—In this appeal, we are called upon to decide whether a provision of Code § 16.1-269(E), requiring a circuit court to render a decision within twenty-one days, either remanding the case to the juvenile court or permitting the Commonwealth to seek an indictment, is jurisdictional or procedural. Finding that the provision is mandatory and that the circuit court never acquired jurisdiction of the accused, we vacate its judgment and remand for further proceedings if the Commonwealth be so advised.

On July 18, 1990, a petition was issued against Charles Bea charging him with possession of cocaine. On July 19, 1990, the Commonwealth moved to transfer the case to the circuit court. On October 12, 1990, the juvenile and domestic relations district court denied the motion to transfer. The Commonwealth then filed a timely notice of its intent to seek removal of the case to the circuit court pursuant to Code § 16.1-269(E).[1]

The papers in the case were forwarded to the circuit court November 14, 1990. The case was placed on the circuit court's docket, but was continued by joint motion until December 20, 1990. A hearing was held on that date and the Commonwealth's motion was taken under advisement. On January 8, 1991, the court "caused the clerk to place the case on the January 11, 1991, docket to inform the parties of its ruling in the matter." That date had to be continued to January 18, 1991, due to the unavailability of defense counsel. On the latter date, the court advised the parties that the Commonwealth's request to seek an indictment

---

[1] Code § 16.1-269(E) provides in pertinent part as follows:
If the court, after a hearing on whether the transfer should be made or whether jurisdiction should be retained, decides to retain the case, and the attorney for the Commonwealth deems it to be in the public interest, and the child is fifteen years of age or older and is charged with an offense which, if committed by an adult, would be punishable by death or confinement in a state correctional facility for life or a maximum period of twenty years or more than twenty years, the attorney for the Commonwealth may notify the juvenile court, within ten days after the juvenile court's final determination to retain the case, of his intention to seek a removal of the case to the proper circuit court having criminal jurisdiction and a copy of such notice shall be furnished at the same time to the counsel for such child . . . . The circuit court *shall, within twenty-one days* after receipt of the case from the juvenile court, . . . *enter an order* either remanding the case to the juvenile court or advising the attorney for the Commonwealth that he may seek an indictment. (Emphasis added).

against the defendant was granted. An order was prepared but was not entered until May 8, 1991, *nunc pro tunc*, January 8, 1991, over the objection of the defendant. It is the entry of this order that gives rise to the present appeal.

The basic thrust of Mr. Bea's argument is that the twenty-one day limitation provided in Code § 16.1-269(E), as part of the juvenile transfer statute, is mandatory, and because the court did not enter an order within such time, it lost the jurisdiction to do so. A hearing was held on December 20, 1990, but no ruling was announced until January 18, 1991, well after the twenty-one day period had expired. Even if defense counsel's unavailability had not caused the matter to be continued, the judge had not planned to announce a decision until January 11, 1991, one day after the expiration of the statutory deadline. Appellant cites *Holley v. City of Newport News*, 6 Va. App. 567, 568, 370 S.E.2d 320, 321 (1988) for the proposition that the *nunc pro tunc* order entered May 8, 1991, was invalid because it attempted to create the fiction that the court had actually ruled within the statutory twenty-one day period when it had not. Because we agree that the circuit court lost jurisdiction after twenty-one days, we do not reach the validity of the *nunc pro tunc* order.

In *Peyton v. French*, 207 Va. 73, 147 S.E.2d 739 (1966), the the Supreme Court noted that the juvenile and domestic relations district courts have exclusive original jurisdiction over juveniles charged with criminal offenses. The Court stated as follows:

[T]he clear purpose and intent of the Juvenile and Domestic Relations Court Law cannot be achieved if it is not mandatory that the proceedings set forth in § 16.1-176(a) be complied with. Indeed, the very language of the statutes makes it mandatory that the aforesaid mentioned statutes be followed before criminal jurisdiction in a proper court of record comes into being.

*Id.* at 79, 147 S.E.2d at 743.

■ *Matthews v. Commonwealth*, 216 Va. 358, 218 S.E.2d 538 (1975), while not involving the precise provision at issue here, reaffirmed *Peyton* and held:

We hold that the findings required by the transfer statute are jurisdictional and that, because neither the juvenile court nor the circuit court made such findings, the circuit court was without jurisdiction to try defendant as an adult.

*Id.* at 361, 218 S.E.2d at 541.

In *Hairfield v. Commonwealth*, 7 Va. App. 649, 376 S.E.2d 796 (1989), we vacated a transfer order that was entered without making the required findings, and we cited both *Peyton* and *Matthews* for the fundamental principle that "[t]he statutes relating to the procedures applicable to proceedings for cases tried in a juvenile court are mandatory and must be followed." *Id.* at 656-57, 376 S.E.2d at 800 (quoting *Evans v. Cox*, 327 F. Supp. 1057, 1058 (E.D. Va. 1971)).

The Commonwealth argues that only those portions of the transfer statute which deal with substantive rights are jurisdictional. We have examined the cases cited in the Commonwealth brief and find that they are factually distinguishable.

We hold that the clear language of Code § 16.1-269(E) specifying that the circuit court "shall within twenty-one days after receipt of the case from the juvenile court . . . enter an order" constitutes a mandatory procedure that must be followed in order for the circuit court to acquire jurisdiction over a case originating in juvenile court. Here, no order was entered within the statutory time, and no judgment or decision was "pronounced by the court" within that time. *See Roberts v. Edwards*, 141 Va. 338, 127 S.E. 307 (1925).

We hold that the circuit court was without jurisdiction to try the appellant as an adult. The judgment entered against him is vacated. Pursuant to Code § 16.1-241, the juvenile court retains jurisdiction since the "ages specified in this law refer to the age of the child at the time of the acts complained of in the petition."

Therefore, the case is remanded for further proceedings in the juvenile court if the Commonwealth be so advised.

*Vacated and remanded.*

Barrow, J., and Bray, J., concurred.