JERMAINE BROADNAX

v.

COMMONWEALTH OF VIRGINIA

No. 1458-91-2

Decided March 9, 1993

COUNSEL

Kimberly B. O'Donnell (David J. Johnson; Office of the Richmond Public Defender, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**FITZPATRICK, J.**—Jermaine Broadnax, a minor, was originally charged by juvenile petition with possession of cocaine with intent to distribute in violation of Code § 18.2-248. The case was transferred from the juvenile and domestic relations district court to the circuit court where, after indictment, Broadnax entered a conditional plea of guilty. On appeal, Broadnax contends that the trial judge erred in failing to hold a *de novo* hearing on the Commonwealth's transfer request pursuant to Code § 16.1-269(E). We agree and reverse the conviction.

## I.

The facts in this case are not in dispute. On January 10, 1991, Broadnax, then seventeen years old, was charged with possession of cocaine with intent to distribute. On January 31, 1991, at the request of the Commonwealth, a transfer hearing was held in the juvenile and domestic relations district court. The juvenile judge denied the

Commonwealth's motion to transfer the matter to the circuit court. The Commonwealth then moved pursuant to Code § 16.1-269(E) to remove the case.

The circuit court judge timely reviewed "all papers connected with the case" and on March 4, 1991 issued an order allowing the Commonwealth to seek an indictment. The circuit court judge's review of the transfer record was done *in camera*. No further hearing afforded Broadnax an opportunity to be present, argue or present evidence. An indictment was returned on April 9, 1991, which Broadnax timely moved to quash. His motion to quash was denied and he then entered a conditional plea of guilty pursuant to Code § 19.2-254.

## II.

■ Broadnax argues that both constitutional due process and our holding in *Grogg v. Commonwealth*, 6 Va. App. 598, 371 S.E.2d 549 (1988), require a *de novo* hearing in circuit court with the same due process rights afforded in the juvenile court at the original transfer hearing. We agree. A statutory procedure that allows a circuit court judge to review only the papers from the juvenile court without conducting a further hearing at which the juvenile and his attorney are present violates constitutional due process. *Kent v. United States*, 383 U.S. 541 (1966). In addressing the importance of the transfer proceeding the United States Supreme Court held:

> [T]here is no place in our system of law for reaching a result of such tremendous consequences without ceremony —without hearing, without effective assistance of counsel, without a statement of reasons. It is inconceivable that a court of justice dealing with adults, with respect to a similar issue, would proceed in this manner. It would be extraordinary if society's special concern for children . . . permitted this procedure. We hold that it does not.

*Id.* at 554.

■ The record is clear that no hearing was held by the circuit court judge on the removal request. He reviewed *in camera* the required forms and reports. The determination whether to transfer or remove a juvenile's case from the juvenile and domestic relations district court to the circuit court, regardless of whether that determination is made by a juvenile judge under Code § 16.1-269(A) or a circuit court judge under Code § 16.1-269(E), is a critically important proceeding. "[A]n

opportunity for a hearing . . . must be given the [juvenile] prior to entry of a [transfer or removal] order." *Kent*, 383 U.S. at 561.

■ "Code § 16.1-269(E) . . . delineates the procedure the Commonwealth must follow to *appeal* to the circuit court a decision by the juvenile court to retain jurisdiction." *Hairfield v. Commonwealth*, 7 Va. App. 649, 657, 376 S.E.2d 796, 800 (1989) (emphasis added). Code § 16.1-136 provides that "[a]ny appeal taken under the provisions of this chapter shall be heard de novo in the appellate court. . . ." "A *de novo* hearing means a trial anew, with the burden of proof remaining upon the party with whom it rested in the juvenile court." *Box v. Talley*, 1 Va. App. 289, 292, 338 S.E.2d 349, 351 (1986).

> Thus, in the context of an appeal from a juvenile court decision to transfer jurisdiction of a child for criminal proceedings in the circuit court, the *de novo* provision of Code § 16.1-136 requires that the circuit court make an independent determination to remand the case to the juvenile court or to permit the Commonwealth's attorney to seek an indictment.

*Grogg*, 6 Va. App. at 606, 371 S.E.2d at 553.

In *Grogg*, we held that the circuit court was required to conduct a *de novo* hearing on the question of transfer. By definition, this *de novo* hearing must comport with the requirements of due process, which include notice, the right to counsel, and a right to be heard. *See, e.g., Bea v. Commonwealth*, 14 Va. App. 977, 420 S.E.2d 255 (1992); *Kluis v. Commonwealth*, 14 Va. App. 720, 418 S.E.2d 908 (1992) (full hearing held in circuit court on minor's appeal of juvenile judge's decision to transfer case); *Hairfield*, 7 Va. App. at 652, 376 S.E.2d at 800 (when a *de novo* hearing in circuit court is held upon juvenile's appeal of transfer decision, the juvenile is entitled to different circuit judge at adjudicatory hearing consistent with the similar right in juvenile proceeding or "for the identical proceeding in circuit court incident to the Commonwealth's appeal"); *accord Kent*, 383 U.S. at 561.

It would make no sense for a juvenile to be given a *de novo* hearing on his appeal of an adverse transfer decision, but be given only a pro forma review of the record with no hearing on the Commonwealth's appeal of a juvenile court's denial of transfer. The outcome to the juvenile is the same, i.e. possible treatment as an adult. We explained in *Grogg* as follows:

Code § 16.1-269(E) permits a review by the circuit court of a decision by the juvenile court to retain jurisdiction in certain cases in which the Commonwealth's Attorney deems it in the public interest. The circuit court *upon proper hearing* may sustain the decision of the juvenile court or permit the Commonwealth's Attorney to seek an indictment.

*Grogg*, 6 Va. App. at 605-06, 371 S.E.2d at 552 (emphasis added).

The Commonwealth also argues that this requirement for a *de novo* hearing was negated by the General Assembly's 1990 amendment to Code § 16.1-269(E), which provides, in pertinent part:

The circuit court shall, within twenty-one days after receipt of the case from the juvenile court, examine all such papers, reports and orders *to determine if there has been compliance with this section, but without redetermining whether the juvenile court had sufficient evidence to find probable cause*, and enter an order either remanding the case to the juvenile court or advising the attorney for the Commonwealth that he may seek an indictment.

(emphasis added on amended language). We do not believe the 1990 amendment deleted the *de novo* hearing requirements of *Grogg*. The amendment only limited the scope of review of the probable cause determination made by the juvenile court and does not change the *de novo* requirement on the issue of transfer. The amendment simply afforded the juvenile the same treatment as an adult would have received at a preliminary hearing. The existence of probable cause cannot be relitigated in the circuit court.

■ "[W]here the General Assembly acts in an area in which this Court has already spoken, it is presumed to know the law as the Court has stated it and to acquiesce therein." *McFadden v. Commonwealth*, 3 Va. App. 226, 230, 348 S.E.2d 847, 849 (1986). We hold that a *de novo* hearing is required under Code § 16.1-269(E) on the issue of transfer and the 1990 amendment to that section merely prohibited the circuit court from redetermining the juvenile court's finding of probable cause.

The decision of whether Broadnax would be tried and treated as a juvenile or as an adult was of great import. On January 31, 1991 after a full hearing, a determination was made by the juvenile judge that Broadnax should be retained in the juvenile and domestic relations district court and have the potential use of the rehabilitative process if

found within that court's purview. Within twenty-one days, with no notice, hearing or opportunity to be heard, this decision was reversed and this same defendant now faces forty years incarceration. Broadnax and his attorney were not notified of this result until after his case was removed and he was certified to stand trial as an adult. We conclude that this procedure does not comport with basic due process requirements.

■ "In transfer hearings, juvenile court and trial judges . . . must look beyond the face of the charge and consider all the circumstances surrounding the offense, the extent of the juvenile's involvement and the interests of society and of the child." *Hutcherson v. Commonwealth*, 7 Va. App. 534, 537, 375 S.E.2d 403, 404 (1989). This duty cannot be discharged without an adequate hearing providing the juvenile with all his due process rights. *See State v. Trail*, 163 W. Va. 352, 359, 255 S.E.2d 900, 905 (1979).

For the reasons stated, we reverse the judgment of the trial court. Accordingly, we do not address Broadnax's additional arguments on appeal. Because the circuit court failed to provide an adequate removal hearing within twenty-one days after receipt of the case from the juvenile court, it no longer has jurisdiction to adjudicate this case. *Bea*, 14 Va. App. at 980, 420 S.E.2d at 257. Pursuant to Code § 16.1-241, the juvenile and domestic relations district court retains jurisdiction because the "ages specified in this law refer to the age of the child at the time of the acts complained of in the petition." Therefore, the case is remanded to the circuit court with instructions to remand the matter to the juvenile court for further proceedings if the Commonwealth be so advised.

*Reversed and remanded.*

Moon, J., and Elder, J., concurred.