# IN RE TIKO A. BASKINS

Nos. 2440-92-4
2442-92-4

Decided April 20, 1993

COUNSEL

Patrick N. Anderson, for petitioner.

James P. Wheeler, Assistant Attorney General, for respondent.

OPINION

**KOONTZ, C.J.**—Invoking our original jurisdiction to issue such writs pursuant to Code § 17-116.04, Tiko A. Baskins (Baskins), petitioner, filed an application for a writ of prohibition by petition in this Court on December 3, 1992. The remedy sought by petitioner, a juvenile, is a prohibition against further proceedings in the Circuit Court of Fairfax County (circuit court) to try him as an adult on felony charges pursuant to a certification to the circuit court by the Fairfax County Juvenile and Domestic Relations District Court (juvenile court). Petitioner asserts that the circuit court failed to timely conduct a transfer hearing pursuant to Code § 16.1-269(E) on his appeal of the certification by the juvenile court and, therefore, the circuit court has no jurisdiction to try him as an adult.[1] For the reasons that follow, we grant the application and issue the writ prohibiting further proceedings against petitioner in the circuit court on the criminal charges involved in this matter.

## I. Factual Background

The pertinent facts are not in dispute. On June 8, 1992, petitions charging Baskins with the felonies of rape, aggravated sexual battery and abduction of a twelve-year-old child were filed in the juvenile court. After appropriate hearings, that court, on August 14, 1992, certified Baskins to be tried as an adult in the circuit court. Baskins, pursuant to Code § 16.1-269(E), immediately appealed this decision. The juvenile court file was transferred to and received by the circuit court

---

[1] Baskins has simultaneously filed an application for a writ of mandamus based upon the identical proceedings below and seeking the identical relief. *See* Code § 8.01-644. For the reasons that will become apparent in the text of this opinion, the remedy afforded by a writ of mandamus is not appropriate in this case. *See generally Richlands Medical Ass'n v. Commonwealth*, 230 Va. 384, 337 S.E.2d 737 (1985). Accordingly, the application for a writ of mandamus is denied and dismissed.

on August 14, 1992. On that date, Joanne Stone, a circuit court deputy clerk, "indexed" the appeal case in the court's computer system. August 14, 1992 was a Friday. On August 17, 1992, the next business day, the computer produced a printout that consisted of a cover sheet for the case file. The cover sheet bore the "filed" date of August 17, 1992, and not the date of receipt or indexing.

Thereafter, on September 8, 1992, the circuit court entered an order, pursuant to Code § 16.1-269(E), permitting the Attorney for the Commonwealth to seek an indictment against Baskins. Code § 16.1-269(E) directs the circuit court to enter an order remanding the case to the juvenile court or permitting the attorney for the Commonwealth to seek an indictment. September 8, 1992, because of an intervening holiday, was within the statutory twenty-one day period in Code § 16.1-269(E) if August 17, 1992 was the date on which the period began to run. However, September 8, 1992 exceeded the statutory time period if August 14, 1992 was the date on which the twenty-one day period began to run.

Baskins was indicted on the criminal charges and his trial in the circuit court was set for December 16, 1992. On October 2, 1992, Baskins filed a motion to quash the indictment for lack of jurisdiction in the circuit court. Following a hearing on this motion, the circuit court denied it on October 16, 1992. Subsequently, after the filing of the application for a writ of prohibition by petition on December 3, 1992 in this Court, we entered an order on December 11, 1992 suspending the proceedings in the circuit court pending our disposition on the application.

## II. Date of Receipt

Code § 16.1-269 provides the statutory scheme by which a child fifteen years of age or older and charged with an offense which, if committed by an adult, could be punishable by confinement in a state correctional facility, may be transferred by the juvenile court to the appropriate circuit court to be tried as an adult. This Code section permits an appeal by the child when the juvenile court transfers the case. In such circumstances, Code § 16.1-269(E) in pertinent part provides: "The circuit court shall, within twenty-one days after *receipt* of the case from the juvenile court, . . . enter an order either remanding the case to the juvenile court or advising the attorney for the Commonwealth that he may seek an indictment." (emphasis added).

Code § 16.1-269(E) does not define the term "receipt." Baskins contends that receipt means taking physical possession and control and that the circuit court took physical possession and control of the juvenile court file on August 14, 1992. Therefore, Baskins contends that the twenty-one day statutory period commenced on that date. Respondent contends that a common definition of "receive," as employed by *The Webster Encyclopedic Dictionary of the English Language* (1967 ed.), is "to allow to enter in an official capacity." Thus, respondent contends that "receipt" of the juvenile court file was not completed and the official file was not created on August 14, 1992 but, rather, was completed on August 17, 1992 when the cover sheet for the file was produced by the computer.[2]

We are not persuaded by the respondent's interpretation of the term "receipt" as used in Code § 16.1-269(E). The plain meaning of that term as used in this Code section is to take physical possession and control of the juvenile court file. The fact that the circuit court employs a procedure to create a cover sheet for that file on some date after taking possession and control of it does not and cannot alter the date contemplated by this Code section. Moreover, respondent's interpretation would render the twenty-one day limitation ambiguous at best and unlimited at worst. We harbor no doubt that the legislature did not intend such a result. Accordingly, we hold that the date of the "receipt of the case from the juvenile court" contemplated by Code § 16.1-269(E) is the date the circuit court takes physical possession and control of the file from the juvenile court and not an alternate date on which the circuit court creates a cover sheet or other internal documentation for its filing system.

Assuming, without conceding, that August 14, 1992 was the correct date of "receipt" by the circuit court, respondent further contends that because the official records of the circuit court case reflect that the juvenile court file was received on August 17, 1992, no evidence can impeach the accuracy of the official record.[3] Respondent relies upon well established principles. "Records of court proceedings

---

[2] Respondent notes that the "cover sheet" contains the names and addresses of the parties and a case number. Each file maintained in the circuit court has a cover sheet and "it is the cover sheet that makes the materials a complete file, so that it can be filed with the court records."

[3] In the circuit court's order of September 8, 1992 it is stated that "the complete file and materials have been forwarded to this Court; and the twenty-one days for review by the Circuit Court provided by Va. Code § 16.1-269(E) will expire today." We have no doubt that the trial judge relied upon the August 17, 1992 date on the file in reaching this determination. Our decision is not to be interpreted as a criticism of that reliance.

are presumed to be truthful and accurate. This appears to be a conclusive presumption, for it is said that extrinsic evidence is not admissible to impeach such records." Charles E. Friend, *The Law of Evidence in Virginia* § 132 (3d ed. 1988). *See Southwest Bank of Virginia v. Peoples Bank*, 216 Va. 788, 790, 224 S.E.2d 130, 132 (1976); *Davis v. Peyton*, 211 Va. 525, 527, 178 S.E.2d 679, 680 (1971); *Minton v. First Nat'l Exch. Bank*, 206 Va. 589, 593, 145 S.E.2d 139, 142 (1965). Respondent's reliance upon these principles is, however, misplaced on the facts of the present case.

The official records of the circuit court reflect that the case was "filed" on August 17, 1992, but those records are silent on the issue of the date of receipt of the case from the juvenile court as contemplated by Code § 16.1-269(E). The testimony of the deputy clerk of the circuit court did not impeach the accuracy of the record but, rather, established a fact not evident on the face of the record. *See Jordan v. Slayton,* 344 F. Supp. 818, 820 (W.D. Va. 1972) (distinguishing a record which states what was done from a record that does not show what was not done). In short, the testimony of the deputy clerk did not impeach the circuit court's official record but, rather, established a fact not included in that record. For these reasons, the evidence that August 14, 1992 was the date of the receipt of the juvenile court case by the circuit court is properly a part of the record in the proceedings.

### III. Jurisdiction

Having determined that the twenty-one day period prescribed by Code § 16.1-269(E) within which the circuit court "shall" enter an order either remanding the case to the juvenile court or permitting the Commonwealth's Attorney to seek an indictment began to run on August 14, 1992, rather than August 17, 1992, it is clear that the circuit court did not act within this time period. We turn then to consider respondent's assertion that this statutory provision is neither mandatory nor jurisdictional.

Our prior decision in *Bea v. Commonwealth*, 14 Va. App. 977, 420 S.E.2d 255 (1992), is directly on point. In *Bea*, we held that the provision of Code § 16.1-269(E) requiring the circuit court to act within twenty-one days "constitutes a mandatory procedure that must be followed in order for the circuit court to acquire jurisdiction over a case originating in juvenile court." *Id.* at 980, 420 S.E.2d at 257. Under *Commonwealth v. Burns*, 240 Va. 171, 395 S.E.2d 456 (1990), we are bound by the decision of a prior panel of this Court.

Even without the mandate of *Burns,* we would reject respondent's argument. The waiver by the juvenile court to the circuit court of jurisdiction over an offense committed by a juvenile, embodied in Code § 16.1-269, has "tremendous consequences" for the juvenile. *See Kent v. United States,* 383 U.S. 541, 554 (1966). Not the least of those consequences is that the juvenile is subject to the same criminal punishment for the offense as an adult. Thus, our holding in *Bea* is consistent with the principle that a juvenile is entitled to the protection of the juvenile system and the Commonwealth can only try the juvenile as an adult if the requirements for juvenile transfer proceedings under Code § 16.1-269 have been strictly followed. Without such an approach, "there may be grounds for concern that the child receives the worst of both worlds: that he gets neither the protections accorded to adults nor the solicitous care and regenerative treatment postulated for children." *Kent,* 383 U.S. at 556 (footnote omitted).

For these reasons the circuit court lacked jurisdiction to enter the order of September 8, 1992 and, accordingly, the writ of prohibition will issue prohibiting further proceedings in the circuit court and directing the circuit court to remand this case to the juvenile court for further proceedings if the Commonwealth be so advised.

*Remanded.*

Barrow, J., and Moon, J., concurred.