COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Lemons
Argued at Richmond, Virginia


GREGORY ANTOINE BROWN

                                     MEMORANDUM OPINION[*] BY
v.    Record No. 2858-97-2          JUDGE DONALD W. LEMONS
                                          MARCH 30, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                  James M. Lumpkin, Judge Designate

           H. Pratt Cook, III (Robert Cabell and
           Associates, on briefs), for appellant.

           Michael T. Judge, Assistant Attorney General
           (Mark L. Earley, Attorney General, on brief),
           for appellee.


     Gregory Antoine Brown, a juvenile, was charged with six

counts of distributing cocaine in violation of Code § 18.2-248.

After a hearing, a judge of the juvenile and domestic relations

court transferred Brown to the circuit court to be tried.  See

Code § 16.1-269.1(A).  When Brown appealed the transfer ruling, a

judge of the circuit court affirmed the ruling.  Following a trial

and conviction in the circuit court, Brown contends on this appeal

that the circuit judge abused his discretion in affirming the

transfer decision.  We disagree and affirm the decision of the

trial court.

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Brown was charged with six counts of distributing cocaine to his half-brother, a police informant.  The distributions occurred in November and December 1996, four months prior to Brown's eighteenth birthday.  In the juvenile court, a probation officer filed a transfer report, which indicated that Brown had been found guilty of several crimes over the preceding years:  assault and battery (1996), unauthorized use of a vehicle (1995), and possession of a beeper on school property (1993).  The report also noted that in 1992, a mother's complaint that Brown had assaulted her son was resolved at intake.  In 1996, Brown failed to complete a community service requirement mandated by the juvenile court. At the time of the transfer hearing, a charge was pending against Brown in juvenile court for brandishing a firearm.  The juvenile court judge found probable cause on the cocaine charges, made all requisite findings, and transferred Brown to the circuit court.

On appeal to the circuit court, the trial judge reviewed the file from the juvenile court and heard testimony from the probation officer.  The probation officer testified that, after the transfer hearing, the juvenile court had sentenced Brown, who was then eighteen years of age, to thirty days in jail for failure to complete his community service requirement.  In making his ruling, the circuit judge found the following:

-

I need to look at the factors set out in [Code § 16.1-269.1]. And when you do that, you see the Defendant [was] . . . almost 18 at the time of these offenses. The offenses are very serious offenses and it isn't just one offense, it's six different offenses allegedly on five or six different days or time periods. The Defendant has had prior contact with the Juvenile Court and has been exposed to the Juvenile Court system. Obviously not all the alternatives that are available, but he has had that exposure.

Pursuant to Code § 16.1-269.6(B), the trial judge then determined that there had been substantial compliance with Code § 16.1-269.1(A) and advised the attorney for the Commonwealth that the Commonwealth was authorized to seek an indictment and proceed in the circuit court.

## II.

Although "the juvenile and domestic relations district courts have exclusive, original jurisdiction [pursuant to Code § 16.1-241(A)] over criminal offenses alleged to have been committed by a juvenile," <u>Burfoot v. Commonwealth</u>, 23 Va. App. 38, 45, 473 S.E.2d 724, 728 (1996), a judge of the juvenile court may transfer the juvenile to the appropriate circuit court "if [the] juvenile [is] fourteen years of age or older at the time of [the] . . . alleged offense [and] is charged with an offense which would be a felony if committed by an adult." Code § 16.1-269.1(A). The transfer is subject to the factors listed in Code § 16.1-269.1(A)(1-4).

-

When a judge of the juvenile court transfers the juvenile to the circuit court, the juvenile may appeal that decision to the circuit court. See Code § 16.1-269.4. Upon de novo review, it is permissible for the circuit court to review the transcripts and written records from the juvenile court, see Grogg v. Commonwealth, 6 Va. App. 598, 607, 371 S.E.2d 549, 553 (1988). The circuit court must "determine if there has been substantial compliance with [Code § 16.1-269.1(A)], but without redetermining whether the juvenile court had sufficient evidence to find probable cause." Code § 16.1-269.6(B). Because a circuit judge has discretion in making his or her ruling, we will not reverse this ruling "absent a showing that [the circuit judge's] exercise of discretion has been abused." Kluis v. Commonwealth, 14 Va. App. 720, 723, 418 S.E.2d 908, 910 (1992).

Among the documents the circuit judge considered was a report from the probation officer. In the report, the probation officer noted the following:

> Although both the adult and juvenile justice systems offer appropriate services and dispositional alternatives to address [Brown's] problems, it should be . . . noted that a number of the juvenile system's dispositional alternatives, including community service and probation, have already been attempted without success. Given the serious nature of the alleged offenses and the fact that [Brown] will be eighteen years of age in the immediate future, it is felt that he can not be retained long enough in the juvenile justice

-

> system for effective treatment and
> rehabilitation.
>
> *       *       *       *       *       *       *
>
> If probable cause is found in these matters,
> it is respectfully recommended that
> consideration be given to transferring these
> cases to the Henrico County Circuit Court
> for trial.

Brown argues that a fair reading of the probation officer's report does not adequately support transfer. Brown reads the report as recommending transfer primarily because Brown was almost eighteen years old when the alleged crimes occurred. Noting that a juvenile may be held until the age of twenty-one and that the probation officer's report stated juvenile treatment alternatives were available, Brown argues that the circuit judge did not give appropriate consideration to the availability of treatment within the juvenile system. We disagree.

The record establishes that several months prior to his eighteenth birthday, Brown was charged with six counts of distributing cocaine to his half-brother, a police informant. Also, over the preceding years, Brown had been found guilty of several crimes, including assault and battery, unauthorized use of a vehicle, and possession of a beeper on school property. In 1992, a mother filed a complaint alleging that Brown had assaulted her son. At the time of the hearing, Brown was

-

charged with an unrelated offense of brandishing a firearm.  He had also been jailed because he failed to complete a community service requirement mandated by a court order.  Brown maintains that as long as appropriate services are available in the juvenile system, it is error for the court to try him as an adult.  The law of Virginia is not so restrictive.  In determining whether Brown was "not a proper person to remain within the jurisdiction of the juvenile court," the availability of appropriate services in the juvenile system is one of several factors that a trial judge must consider.  This record does not indicate that the trial judge was plainly wrong or without evidence to support his ruling.

For this reason, and because the evidence proved substantial compliance with Code § 16.1-269.1(A), we hold that the circuit judge did not abuse his discretion in denying Brown's appeal and in authorizing Brown to be tried as an adult.

<u>Affirmed</u>.

-

Benton, J., dissenting.

Although "we should reverse [the trial judge's decision] only upon 'clear evidence that [the decision] was not judicially sound' and not simply to substitute our 'discretion for that rendered below,'" Jefferson v. Commonwealth, 27 Va. App. 477, 488, 500 S.E.2d 219, 225 (1998), I believe the record demonstrates that the judge's decision is plainly wrong. The record failed to prove that Gregory A. Brown "is not a proper person to remain within the jurisdiction of the juvenile court." Code § 16.1-269.1(A)(4).

The evidence proved that Brown was seventeen when he committed the offenses. Each offense concerned a sale of cocaine to his half-brother, who the police sent to buy the cocaine on each separate occasion. The record suggests that Brown was being improperly influenced by his parent because the report indicates that Brown's father was involved with Brown in committing the offenses. Thus, the nature of Brown's participation in the offenses is somewhat mitigated by the corrupt influence of his family. See Code § 16.1-269.1(A)(4)(b)(v).

As the transfer report specifically noted, "[t]he offenses were not committed in an aggressive or violent manner . . . [, and it] is not alleged that the offenses involved the brandishing or displaying of a firearm or other dangerous weapon

-

in a threatening manner."  Although Brown had previous infractions, all of those matters were handled in the juvenile court.  See Code § 16.1-269.1(A)(4)(e)(i).  Prior to the distribution of cocaine to his half-brother, Brown had not been incarcerated in a juvenile or other correctional facility.  See Code § 16.1-269.1(A)(4)(e)(iii).  The record indicates that Brown had not previously been placed in a residential or community-based treatment program.  See Code § 16.1-269.1(A)(4)(e)(iv).  The record does not indicate that Brown's previous offenses involved the infliction of serious bodily injury.  See Code § 16.1-269.1(A)(4)(e)(v).  Brown had not been charged with selling cocaine prior to these sales to his half-brother.  See Code § 16.1-269.1(A)(4)(e)(vi).  The record does not indicate Brown has ever absconded from the legal custody of a correctional entity.  See Code § 16.1-269.1(A)(4)(f).  Brown is not mentally retarded or mentally ill.  See Code § 16.1-269.1(A)(4)(g).  The transfer report indicates that Brown "has a history of good attendance and behavior at school . . . [and] maintain[ed] passing grades in most of his subjects."  See Code § 16.1-269.1(A)(4)(h).  These factors tend to favor retaining Brown in the juvenile system.

Although Brown was under a court order to complete forty hours of community service, he had only completed ten of those

-

hours and was scheduled to return to juvenile court on April 4, 1997, for a review. However, he was arrested on the cocaine distribution charges in February 1997 and held without bail. While he was in custody, and after the transfer hearing, the juvenile court held a hearing on April 4, 1997, and assessed a thirty-day jail sentence for failing to complete the community service. This is the only commitment on Brown's record.

The trial judge appears to have based his ruling in part on Brown's "prior contact with the Juvenile Court and . . . expos[ure] to the Juvenile Court System." That is an insufficient basis to determine that a juvenile is not a proper person to remain within the jurisdiction of the juvenile court. Clearly, the fact that Brown had not been successful in the community service and probation efforts is not a sufficient basis to transfer him from the juvenile system. The juvenile court has other more severe alternatives available to it. Indeed, the trial judge also had before him the transfer report which specifically noted that "both the adult and juvenile justice systems offer appropriate services and dispositional alternatives to address [Brown's] problems." The trial judge expressly noted that Brown had not been subject to "all the alternatives that are available" in the juvenile system. Thus, I believe the trial judge abused his discretion in concluding that Brown's prior "exposure" to the juvenile system coupled

-

with the nature of the current charges rendered him "not a proper person to remain with the Juvenile Court System."

I would reverse the convictions and remand the case to the circuit court with direction to remand this matter to the juvenile court for proceedings on these charges.